# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE C. COBERLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-1113-L |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Jesse C. Coberley, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant Commissioner's final decision denying Mr. Coberley's application for disability insurance benefits and supplemental security income benefits. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record (AR). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be reversed and remanded.

**I.     The Administrative Decision**

Mr. Coberley protectively filed his application for benefits on May 22, 2003. AR 14. He was 25 years old at the time the application was filed. AR 51-53. Mr. Coberley alleged he became disabled on February 15, 2002, "due to learning difficulties, dyslexia, sleep apnea and emotional problems." AR 15; *see also* AR 59.

The Administrative Law Judge (ALJ) issued his decision on March 19, 2005, and found Mr. Coberley not disabled. AR 14-22. Following the five-step sequential evaluation process, *see Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005), the ALJ found at step one that Mr. Coberley had not engaged in substantial gainful activity since his alleged disability onset date of February 15, 2002. AR 15, 21. At step two, the ALJ determined that Mr. Coberley has "learning difficulties" and that this impairment is severe within the meaning of the Social Security regulations. The ALJ further determined that Mr. Coberley's sleep apnea is not a severe impairment. AR 16, 21.[1] The ALJ did not address whether Mr. Coberley's emotional problems qualified as a severe impairment.

At step three, the ALJ determined Mr. Coberley's severe impairment does not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 15-16, 21. The ALJ gave specific emphasis to Listing 12.05 pertaining to mental retardation-learning disorder. AR 16.

The ALJ next determined that Mr. Coberley has the residual functional capacity to perform all levels of exertional work and "is able to understand, remember and carry out very short and simple instructions; can perform simple routine tasks; is able to sustain an ordinary routine, is able to adapt to situations, but needs minimal contact with the public." AR 19, 21. Based on this residual functional capacity, the ALJ determined at step four of the sequential evaluation process that Mr. Coberley could return to his past relevant work. AR 19, 20. In

---

[1] Mr. Coberley does not challenge the ALJ's determination that his sleep apnea is not a severe impairment.

the "interests of judicial economy" the ALJ made alternative findings at step five. AR 20, 21. The ALJ determined that Mr. Coberley could perform a substantial number of unskilled jobs and found these jobs exist in significant numbers both in the local and national economy. AR 20, 21. Therefore, the ALJ determined Mr. Coberley was not disabled. AR 14, 20, 21.

Mr. Coberley appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied his request for review, AR 4-6, making the ALJ's decision the final decision of the Commissioner.

## II.    Issue Presented for Judicial Review

Mr. Coberley presents a single issue for judicial review. He claims the ALJ's decision is not supported by substantial evidence because the ALJ did not find Mr. Coberley has a severe mental impairment based on his emotional problems.

## III.    Standard of Review

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* 331 F.3d at 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is

overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but does not reweigh the evidence or substitute its own judgment for the Commissioner's. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

## IV.   Analysis

Mr. Coberley claims that at step two of the sequential evaluation process, the ALJ should have found a severe mental impairment based on his emotional problems. Mr. Coberley further claims the ALJ failed to incorporate limitations resulting from these emotional problems when determining his residual functional capacity at step four of the sequential evaluation process.

When evaluating the severity of a mental impairment a special technique must be followed at each step of the administrative review process. *See* 20 C.F.R. § 404.1520a(a). The special technique first requires an evaluation of the claimant's "pertinent symptoms, signs, and laboratory findings" to determine whether a medically determinable mental impairment exists. *Id.*, § 404.1520a(b)(1).

As set forth above, the ALJ found a severe mental impairment based on Mr. Coberley's learning difficulties but made no finding as to whether his emotional problems constitute a mental impairment that is severe. The ALJ's decision is replete with references to Mr Coberley's emotional problems. The decision begins by acknowledging that Mr.

Coberley alleged he became disabled due to "learning difficulties, dyslexia, sleep apnea *and emotional problems*." AR 15 (emphasis added). The ALJ's discussion of the evidence makes numerous references to Mr. Coberley's emotional problems. *See* AR 16 (noting recommendation that claimant be placed in special education classes "for those who are perceived to be severely emotionally disturbed"); AR 17 (noting treatment records where claimant reported that "he felt like he was losing it"); AR 17-18 (thorough summary of Dr. Mosko's psychological evaluation including diagnosis of "victim of physical, emotional and sexual abuse as a child; rule out hypomanic disorder" and "schizotypal personality disorder with histrionic, immature and manic characteristics"); AR 18 (noting claimant's testimony that he cannot work because he cannot be around people"). The ALJ wholly ignored the symptoms, signs and laboratory findings that substantiate the presence of these emotional problems when he made his step-two finding and limited the mental impairment to "learning difficulties."[2]

The ALJ also failed to address additional evidence of Mr. Coberley's mental impairments contained in two Psychiatric Review Technique forms completed by agency consultants in October and November 2003. AR 117-130, AR 135-148. The findings set forth in the forms are identical.

---

[2] The ALJ summarized the psychological evaluation of Dr. Mosko, AR 17-18, but failed to discuss or make findings as to the diagnoses, observations and opinions contained therein as related to Mr. Coberley's functional limitations. Dr. Mosko's findings demonstrate significant emotional problems. Moreover, Dr. Mosko's evaluation is the only opinion in the record by an examining source. Therefore, his opinion should have been entitled to more weight. *See* 20 C.F.R. § 416.927(d)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.").

Under the paragraph A Criteria, the forms identify Listing 12.05, Mental Retardation (based on learning disability) and Listing 12.08, Personality Disorders, not otherwise specified. AR 117, 135. The agency consultants' paragraph A Criteria findings – which include a finding of personality disorder -- support Mr. Coberley's claim that the ALJ too narrowly construed Mr. Coberley's mental impairments by limiting the analysis to learning difficulties.

Mr. Coberley's claim is strengthened further by the consultants' paragraph "B" Criteria findings which identify the following functional limitations: (1) restrictions of activities of daily living, mild; (2) difficulties in maintaining social functioning, moderate; (3) difficulties in maintaining concentration, persistence or pace, moderate; and (4) episodes of decompensation, each of extended duration, none. AR 127, 145. Because Mr. Coberley received a rating of moderate in two areas (difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence or pace), the record supports a finding that his emotional problems are severe. *See* 20 C.F.R. § 404.1520a(d)(1); 20 C.F.R. § 416.920a(d)(1) (generally, an impairment is not severe if the degree of the claimant's limitation in the first three functional areas is rated as "none" or "mild" and rated as "none" in the fourth area). *See also* Soc. Sec. Rul. 85-28, 1985 WL 56856 at *3 ("An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at [step two] when medical evidence establishes only a *slight abnormality or a combination of slight abnormalities* which would have *no more than a minimal effect* on an individual's

ability to work even if the individual's age, education or work experience were specifically considered[.]"). (Emphasis added.)

The record supports the de minimis showing required at step two to establish the severity of an impairment. *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) ("A claimant's showing at level two that he or she has a severe impairment has been described as 'de minimis.'"). The ALJ too narrowly construed the nature of Mr. Coberley's mental impairments by limiting the step two finding to his learning difficulties. The ALJ's failure to find a severe mental impairment based on Mr. Coberley's emotional problems is not supported by substantial evidence. A remand, therefore, is required.

On remand, the ALJ is reminded of the requirements accompanying evaluation of mental impairments. *See* 20 C.F.R. § 404.1520a. In particular, the ALJ is reminded of 20 C.F.R. § 1520a(e) which addresses documenting application of the technique. This provision requires the following:

> [T]he written decision issued by the administrative law judge . . . must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). *The decision must include a specific finding as to the degree of limitation in each of the functional areas* . . . . (emphasis added).

The ALJ's current decision lacks any discussion as to the degree of Mr Coberley's limitation in each of the functional areas.

The ALJ's step-two findings on remand will necessarily impact the residual functional capacity determination. Nonetheless, the Court addresses Mr. Coberley's claim that the ALJ's residual functional capacity assessment does not accurately reflect his mental limitations.

The ALJ found Mr. Coberley has the following limitations resulting from his mental impairments: "[h]e is able to understand, remember and carry out very short and simple instructions; can perform simple routine tasks; is able to sustain an ordinary routine, is able to adapt to situations, but needs minimal contact with the public." AR 19. The ALJ's only finding that accounts for his emotional problems is the finding related to Mr. Coberley's social functioning which limits him to minimal contact with the public.[3] This finding does not take into account substantial uncontradicted evidence of other limitations. In the psychological evaluation conducted by Dr. Andrew Mosko in August 2003, Dr. Mosko opined that Mr. Coberley needed to work "in an isolated setting with reduced human contact." AR 111. In addition, the agency consultants completed Mental Residual Functional Capacity Assessments. AR 131-134, 149-151. With respect to "social interaction," these assessments reflect that Mr. Coberley is moderately limited in his ability to interact appropriately with the general public, in his ability to accept instructions and respond appropriately to criticism from supervisors and in his ability to get along with coworkers or peers without distracting them

---

[3]"Social functioning refers to [the claimant's] capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals . . . . Social functioning in work situations may involve interactions with the public, responding appropriately to persons in authority (e.g., supervisors), or cooperative behaviors involving coworkers." 20 C.F.R. Part 404, Subpart P. App. 1, § 12.00(C)(2).

or exhibiting behavioral extremes. AR 132, 150. The ALJ did not incorporate these findings in his residual functional capacity nor did he give reasons for rejecting these findings. *See* 20 C.F.R. 416.927(f)(2)(ii) ("Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . ."). Because the ALJ's residual functional capacity fails to address Mr. Coberley's difficulties in social functioning related to supervisors and coworkers and the ALJ did not state reasons for rejecting these limitations, his residual functional capacity determination is not supported by substantial evidence.[4] On remand, the ALJ must make specific findings as to the degree of limitation in each of the functional areas resulting from Mr. Coberley's mental impairments.

---

[4]To the extent the ALJ included additional restrictions based on emotional limitations in his hypothetical questions to the vocational expert, it is impossible for the Court to determine whether the testimony of the vocational expert supports the step five findings. As the record reflects, significant and determinative portions of both the ALJ's questions and the vocational expert's responses are inaudible as reflected in the transcript of the hearing. *See, e.g.*, AR 183-184.

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by July  19th , 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  29th  day of June, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE